UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA FREITAG,<br>Court-appointed permanent receiver for ANI Development, LLC, American National Investments, Inc., and their subsidiaries and affiliates,<br><br>                                    Plaintiff,<br><br>v.<br><br>SARAH CHRISTINE PETERSON; CLAIRE LAUREN PETERSON; DEL MAR CAPITAL INVESTORS, LLC; and DOES 1–10,<br><br>                                    Defendants. | Case No.: 3:25-cv-02257-TWR-AHG<br><br>**ORDER SETTING SECOND EARLY NEUTRAL EVALUATION CONFERENCE AND CONTINUING CASE MANAGEMENT CONFERENCE** |

The Court held an Early Neutral Evaluation ("ENE") in this matter on December 8, 2025. ECF No. 21. Though the case did not settle, the Court finds that further settlement discussions would be beneficial. Accordingly, the Court **SETS** an **in-person** Second Early Neutral Evaluation Conference for **March 13, 2026** at **1:30 p.m.** before the Honorable Allison H. Goddard on the fifth floor of the Edward J. Schwartz U.S. Courthouse, 221 West Broadway, San Diego, California 92101. The Court requires

the personal, *in-person* attendance of all parties, party representatives with full[1] settlement authority, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation at the conference. In preparation for the ENE, the Court orders:

1. No later than **March 5, 2026**, each party must submit to the Court via email (not filed) (to efile_goddard@casd.uscourts.gov) the names, titles, and email addresses of all attendees. Court staff will then email all participants detailed instructions regarding the location of the Court's conference rooms.

2. No later than **March 5, 2026**, each party must submit to the Court via email (not filed) (to efile_goddard@casd.uscourts.gov) a Confidential Settlement Letter, to provide an update to the Court regarding occurrences in, and the settlement posture of, the case since the last ENE. These statements shall not be filed or served on opposing counsel.

3. To facilitate further settlement discussions, discovery in this matter is **STAYED**.

4. In the event the case does not settle at the Second ENE, the Court will immediately thereafter hold a Case Management Conference ("CMC") pursuant to Fed. R. Civ. P. 16(b). No pre-conference submissions are required ahead of the CMC.

**IT IS SO ORDERED.**

Dated:  December 8, 2025

Honorable Allison H. Goddard
United States Magistrate Judge

---

[1] The Court reminds the parties that parties and party representatives with full and complete authority to enter into a binding settlement must be present at the ENE. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). A person who needs to call another person who is not present at the MSC before agreeing to any settlement does not have full authority.