DAVID R. ZARO (BAR NO. 124334)
MATTHEW D. PHAM (BAR NO. 287704)
ALLEN MATKINS LECK GAMBLE
    MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        mpham@allenmatkins.com

EDWARD G. FATES (BAR NO. 227809)
REBECCA H. WILLIAMS (BAR NO. 328320)
ALLEN MATKINS LECK GAMBLE
    MALLORY & NATSIS LLP
One America Plaza
600 West Broadway, 27th Floor
San Diego, California 92101-0903
Phone: (619) 233-1155
Fax: (619) 233-1158
E-Mail: tfates@allenmatkins.com
        bwilliams@allenmatkins.com

Attorneys for Plaintiff
KRISTA FREITAG, Receiver

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA FREITAG, Court-appointed permanent receiver for ANI Development, LLC, American National Investments, Inc., and their subsidiaries and affiliates,,<br><br>Plaintiff,<br><br>vs.<br><br>SARAH CHRISTINE PETERSON, an individual; CLAIRE LAUREN PETERSON, an individual; DEL MAR CAPITAL INVESTORS LLC, a California limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:25-cv-02257-TWR-AHG<br><br>**DECLARATION OF KRISTA L. FREITAG IN SUPPORT OF RECEIVER'S MOTION FOR APPROVAL OF SETTLEMENT BETWEEN RECEIVER AND DEL MAR CAPITAL INVESTORS, LLC**<br><br>Date: April 2, 2026<br>Time: 1:30 p.m.<br>Ctrm: 14A<br>Judge Hon. Todd W. Robinson |

# DECLARATION OF KRISTA FREITAG

I, Krista Freitag, declare as follows:

1. I am the Court-appointed permanent receiver for ANI Development, LLC, American National Investments, Inc., and their subsidiaries and affiliates (collectively, the "Receivership Entities"), and in that capacity, I am the plaintiff in the above-captioned action. I make this declaration in support of my Motion for Approval of Settlement with Del Mar Capital Investors, LLC ("Motion"). I have personal knowledge of the facts stated herein, and if called upon to do so, I could and would personally and competently testify to them.

2. The Property located at 271 Ocean View Drive in Del Mar, California ("Property"), which I understand is Kim Peterson's residence, was owned by The Peterson Family Trust Dated April 14, 1992 ("Trust") since January 2003. The Property was listed for sale (by Peterson, as Trustee of the Trust) starting in 2024 with a list price of $12.45 million. The list price had been reduced multiple times and, as of the date this action was filed, was at $11.5 million. My understanding is that there are two mortgages on the Property with a combined balance owed of approximately $4.66 million.

3. Based on records provided to me and my counsel, the first transfer of the Property was made for no consideration from the Trust to Peterson's two daughters, Sarah and Claire Peterson ("Peterson Daughters"). The transfer was recorded in February 2025, about one month after the District Court granted summary judgment in favor of the receivership estate and against the Trust in the amount of $6.06 million. I understand that Peterson continued to live at the Property after the transfer and the Property continued to be listed for sale with the same broker. In other words, nothing materially changed with respect to the Property, except who held title.

4. Based on records provided to me and my counsel, the second transfer was made in August 2025, shortly after the San Diego Superior Court granted

summary judgment in favor of the receivership estate and against Kim Peterson personally in the amount of $5.9 million.  This time, the Peterson Daughters transferred the Property to Del Mar Capital Investors, LLC ("DMCI").  But the transfer was not an ordinary transfer of property for market value.  The agreement was essentially that DMCI would hold title to the Property, pay the mortgages until the Property could be sold, and then be reimbursed (with interest and a preferred return) from the sale proceeds.  Pursuant to documents provided to me, DMCI committed to pay $5.5 million as the "purchase price" for the property, but $4.6 million of that amount was allocated to pay off the mortgages if the lender declared a default (which has not happened to date) and only $870,000 was paid at closing.

5. Based on the transaction documents provided to me and my counsel, under the transaction with DMCI, once the Property was sold, Peterson (through his daughters) would receive the remainder of the net sale proceeds after the mortgages and DMCI were paid.  I understand that Peterson has continued to live at the Property after the second transfer pursuant to a nine-month lease between DMCI, as owner, and the Peterson Daughters, as tenants.  Pursuant to documents provided to me, the Peterson Daughters each received $75,000 from escrow from the transaction with DMCI, which amounts came out of the $870,000 paid by DMCI.  The Property remained listed for sale with the same broker both before and after the transfer.  Although title changed hands, nothing materially changed in terms of possession of the Property.  This transaction is akin to a short-term loan in which DMCI took title to the Property as collateral to secure its right to be reimbursed with 10% interest and to receive a specified preferred return depending on the length of time to complete a sale of the Property.  Peterson (through his daughters) retained the right to take title to the Property back from DMCI through a "buyout" by fully reimbursing DMCI with interest and a specified preferred return.

6. Since this action was filed, DMCI, as owner of the Property, has taken control of the listing agreement with the broker and has been in regular communication with me and my counsel regarding the marketing process, mortgage payments, property taxes and other issues relating to the Property. I understand that the Peterson Daughters have defaulted on their obligations under their agreements with DMCI, including by failing to pay property taxes due in December 2025.

7. Here, the Settlement Agreement will maximize the net recovery from the Property for the receivership estate by getting the Property sold sooner than it otherwise could be through litigation, and by eliminating substantial litigation and judgment enforcement costs. Although I believe the receivership estate's fraudulent transfer claims are very strong and would likely prevail at summary judgment, the result of a judgment would be to avoid the two transfers and restore the Property to the Trust. In that event, I would then have to pursue a foreclosure on the Property by enforcing the receivership estate's judgment lien against the Trust, which process would be complicated by the fact that there are two senior liens (mortgages) on the Property that would need to be paid off ahead of the receivership estate. There is also substantial risk that, while this action proceeded to judgment, the lender (City National Bank) would declare a default and commence a foreclosure of its own, meaning I would have to intervene and possibly make payments from the receivership to City National Bank.

8. Moreover, although DMCI did not pay market value for the Property, it has advanced substantial sums toward the Property (mortgage payments, delinquent property taxes, and other costs), for which it would likely be entitled to be reimbursed. I would also likely have to file an unlawful detainer action to eject Peterson from the Property.

9. In contrast, because DMCI now holds title to the Property and is prepared to settle with the receivership, it can initiate an unlawful detainer action in the near term in light of the defaults, and should be able to get the Property sold

substantially sooner. DMCI and I have negotiated a reduced preferred return to DMCI from the sale proceeds that still fully incentivizes DMCI to get the Property sold (in consultation with me), but that also preserves a greater share of the net sale proceeds for the receivership estate. I therefore believe the proposed settlement is in the best interests of the receivership estate and ask that it be approved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of February 2026, at Oceanside, California.

_____
KRISTA FREITAG