UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA FREITAG, Court-appointed permanent receiver for ANI Development, LLC; American National Investments, Inc.; and their subsidiaries and affiliates, <br><br> Plaintiff, <br><br> v. <br><br> SARAH CHRISTINE PETERSON, an individual; CLAIRE LAUREN PETERSON, an individual; DEL MAR CAPITAL INVESTORS, LLC, a California limited liability company; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.:  25-CV-2257 TWR (AHG) <br><br> **ORDER (1) GRANTING RECEIVER'S MOTION FOR APPROVAL OF SETTLEMENT BETWEEN RECEIVER AND DEL MAR CAPITAL INVESTORS, LLC; AND (2) APPROVING SETTLEMENT** <br><br> (ECF No. 23) |

Presently before the Court is the Motion for Approval of Settlement Between Receiver and Del Mar Capital Investors, LLC ("Mot.," ECF No. 23) filed by Plaintiff Krista Freitag, the Court-appointed permanent receiver for ANI Development, LLC; American National Investments, Inc.; and their subsidiaries and affiliates, which is unopposed.  (*See* ECF No. 24 (requiring that any opposition be filed on or before March 5, 2026); *see also generally* Docket.)  The Court held a hearing on April 2, 2026.  (*See* ECF

/ / /

1

25-CV-2257 TWR (AHG)

No. 27.)   For the reasons discussed below, the Court **GRANTS** the Motion and **APPROVES** the Settlement.

Looking to bankruptcy law for guidance, *see, e.g.*, *SEC v. Capital Consultants, LLC*, 397 F.3d 733, 745 (9th Cir. 2005), the Court must determine whether the proposed settlement is "fair and equitable."  *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988) (quoting *Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1381 (9th Cir.), *cert. denied*, 479 U.S. 854 (1986)) (citing 11 U.S.C. § 1129(b)(1) (1982); *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).  In making this determination, the Court "must consider":

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* (quoting *A & C Props.*, 784 F.2d at 1381) (citing *Anderson*, 390 U.S. at 424).  "Approving a proposed compromise is an exercise of discretion that should not be overturned except in cases of abuse leading to a result that is neither in the best interests of the estate nor fair and equitable for the creditors."  *CAM/RPC Elecs. v. Robertson (In re MGS Mktg.)*, 111 B.R. 264, 266–67 (B.A.P. 9th Cir. 1990).

Having considered the proposed Settlement Agreement and Mutual Release (the "Settlement," ECF No. 23-4) and the relevant factors, the Court concludes that the Settlement is fair and equitable.  Although the Receiver's claims for fraudulent transfer are very strong, the Settlement will permit the Receiver to avoid the risks, expense, and inconvenience of further litigation.  Because the Court finds that the Settlement is in the

/ / /

/ / /

/ / /

/ / /

/ / /

best interest of the receivership estate, the Court **GRANTS** the Motion and **APPROVES** the Settlement.

      **IT IS SO ORDERED.**

Dated:  April 3, 2026

                                      _____

                                      Honorable Todd W. Robinson
                                      United States District Judge

3