UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA FREITAG, Court-appointed permanent receiver for ANI Development, LLC, American National Investments, Inc., and their subsidiaries and affiliates, <br><br> Plaintiff, <br><br> v. <br><br> SARAH CHRISTINE PETERSON; CLAIRE LAUREN PETERSON; DEL MAR CAPITAL INVESTORS, LLC; and DOES 1–10, <br><br> Defendants. | Case No.:  3:25-cv-02257-TWR-AHG <br><br> **ORDER GRANTING IN PART JOINT MOTION TO CONTINUE SECOND EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE** <br><br> **[ECF No. 29]** |

Before the Court is the parties' joint motion to continue the Second Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") currently scheduled for April 27, 2026. ECF No. 29.

Parties seeking to continue an ENE must demonstrate good cause. Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"). Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Olvera v. Citibank, N.A.*, No. 25-cv-789-H-AHG, 2025 U.S. Dist. LEXIS 117769, at *2, *4–*5 (S.D. Cal. June 19, 2025). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.").

Here, the parties represent to the Court that counsel for Defendant Del Mar Capital Investors LLC is unavailable on April 27, 2026, because he has a previously-scheduled in-person hearing before the California Medical Board, where he will be presenting a defense for his client, a surgeon. ECF No. 29 at 2; ECF No. 29-1 at 1. As such, the parties request a continuance of the Second ENE. *Id*.

The Court appreciates that the parties have been working together and finds good cause to **GRANT** the joint motion. ECF No. 29. Additionally, the Court is cognizant that the Receiver may file a motion to stay the case while the DCMI settlement is effectuated. *See* ECF No. 23-4 at 6 ("In the meantime, and once this Agreement has been approved by the District Court, the Parties shall stipulate to take such steps as are reasonably necessary to obtain a stay of the Fraudulent Transfer Action such that the Parties can work to complete the sale of the Property and the payments required hereunder without incurring litigation expenses associated with the Fraudulent Transfer Action"). As such, the ENE and CMC set for April 27, 2026 are **VACATED**. If the Receiver does not file a motion to stay by **May 15, 2026**, the Court will reschedule the Second ENE at that time. If the Receiver files

3:25-cv-02257-TWR-AHG

a motion to stay on or before the May 15, 2026, deadline, the Court will reset the Second ENE after the District Judge rules on the motion to stay.

**IT IS SO ORDERED.**

Dated: April 21, 2026

_____
Honorable Allison H. Goddard
United States Magistrate Judge

3