DAVID R. ZARO (BAR NO. 124334)
MATTHEW D. PHAM (BAR NO. 287704)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone:  (213) 622-5555
Fax:  (213) 620-8816
E-Mail:  dzaro@allenmatkins.com
       mpham@allenmatkins.com

EDWARD G. FATES (BAR NO. 227809)
REBECCA H. WILLIAMS (BAR NO. 328320)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
One America Plaza
600 West Broadway, 27th Floor
San Diego, California 92101-0903
Phone:  (619) 233-1155
Fax:  (619) 233-1158
E-Mail:  tfates@allenmatkins.com
       bwilliams@allenmatkins.com

Attorneys for Plaintiff
KRISTA FREITAG, Receiver

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA FREITAG, Court-appointed permanent receiver for ANI Development, LLC, American National Investments, Inc., and their subsidiaries and affiliates,<br><br>Plaintiff,<br><br>vs.<br><br>SARAH CHRISTINE PETERSON, an individual; CLAIRE LAUREN PETERSON, an individual; DEL MAR CAPITAL INVESTORS LLC, a California limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:25-cv-02257-TWR-AHG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RECEIVER'S MOTION TO STAY CASE PENDING COMPLETION OF SALE OF REAL PROPERTY**<br><br>Date:  June 18, 2026<br>Time:  1:30 p.m.<br>Ctrm:  14A<br>Judge Hon. Todd W. Robinson |

Plaintiff Krista Freitag ("Receiver"), the Court-appointed permanent receiver for ANI Development, LLC, American National Investments, Inc., and their subsidiaries and affiliates ("Receivership Entities"), hereby moves the Court to stay this case pending completion of the sale of real property.

Defendant Del Mar Capital Investors LLC ("Del Mar") does not oppose this motion, as confirmed by its counsel on May 1, 2026. Despite a "meet and confer" with counsel for Defendants Sarah and Claire Peterson (together, the "Petersons"), they refused to approve this motion.

## I.    **INTRODUCTION**

The Receiver and Del Mar signed a Settlement Agreement that was approved by the Court on April 3, 2026. Dkt. 28. Pursuant to the Settlement Agreement, the real property that is the subject of this action is being marketed for sale by Del Mar as the record title holder, with the Settlement Agreement dictating how the sale proceeds will be distributed from escrow for the anticipated sale. Paragraph 2 of the Settlement Agreement contains marketing procedures and prohibits the Petersons and others from interfering with its marketing. As part of the Settlement Agreement, once it was approved by the Court, the Receiver and Del Mar agreed to seek a stay of this action as follows:

> Dismissal of the Fraudulent Transfer Action. Promptly upon confirmation of receipt of the Receivership Proceeds, the Receiver shall cause all claims in the Fraudulent Transfer Action against DMCI to be dismissed with prejudice. In the meantime, and once this Agreement has been approved by the District Court, the Parties shall stipulate to take such steps as are reasonably necessary to obtain a stay of the Fraudulent Transfer Action such that the Parties can work to complete the sale of the Property and the payments required hereunder without incurring litigation expenses associated with the Fraudulent Transfer Action.

Dkt. 23-4, Section 5.

The sale of the real property should proceed to completion, without litigation expenses being incurred or judicial resources being consumed in the meantime, with

the expectation that completion of the sale and distribution of the sale proceeds as provided for in the Settlement Agreement will result in this case being fully resolved and dismissed.

Before filing this motion, the Receiver, through counsel, conferred with Del Mar and the Petersons, and sent them a proposed form of joint motion (which would have sought the same relief as being sought herein). Del Mar supported the joint motion and was prepared to sign the joint motion had all parties agreed to the requested stay. Counsel for the Petersons, however, stated that he had not been authorized by his clients to sign the proposed joint motion. Accordingly, the Receiver proceeded with this motion, which Del Mar's counsel supports.

## II.    DISCUSSION

District courts have broad discretion to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In determining whether to grant a stay pending the result of independent proceedings, courts consider three factors: (1) the orderly course of justice "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay," (2) the hardship or inequity that a party may suffer in being required to go forward, and (3) the possible "damage" that may result from granting a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Here, this case involves claims that a piece of residential real property located in Del Mar was fraudulently transferred to Del Mar such that the Court's judgment in favor of the receivership estate in a related case could not be enforced against it. Two of the parties (the Receiver and Del Mar) have settled the claims between them and agreed on a process that will lead to a sale of the real property. The anticipated sale of the property, once completed, is expected to lead to a full resolution and dismissal of this case. Therefore, a stay will avoid the parties unnecessarily incurring litigation expenses, as well as the unnecessary use of judicial resources.

Moreover, the requested stay does not prejudice or impose any hardship on the Petersons as they will also be able to avoid incurring litigation expenses and their legal rights will be unaffected while the stay is in place.  The stay requested herein is consistent with the terms of the Settlement Agreement.

### III.   CONCLUSION

Accordingly, the Receiver requests entry of an order as follows:

1.   This case is stayed pending completion of the sale of the real property that is the subject of this case, subject to enforcement rights within the Settlement Agreement.

2.   The Receiver shall file a status report approximately every 90 days advising the Court as to the status of the marketing and sale process.

3.   Upon completion of the sale and close of escrow, the parties shall promptly notify the Court, at which time the stay shall be lifted.

Dated:  May 1, 2026

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP


By:_____*/s/ Edward G. Fates*_____
DAVID R. ZARO
EDWARD G. FATES
MATTHEW D. PHAM
Attorneys for Plaintiff
KRISTA FREITAG, Receiver